SEALED

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

JUN 2 0 2023

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. ~~23 CR 217 GKF~~ |
| Plaintiff, | |
| | <u>FILED UNDER SEAL</u> |
| v. | |
| | <u>INDICTMENT</u> |
| RONALD EUGENE MAYNARD, | [COUNT ONE: 21 U.S.C. §§ 846, |
| ABBY CHANTEL SELMAN, | 841(b)(1)(A)(vi), and |
| BRENDA GAMIZ-BERNAL, | 841(b)(1)(A)(viii) – Drug |
| KAITLIN NICHELLE CONARD, | Conspiracy; |
| JOHNNY GONZALES, | COUNTS TWO and FOUR: |
| a/k/a/ "Johnny Gonzalez," | 21 U.S.C. §§ 841(a)(1) and |
| MARCUS CORY SCOTT, | 841(b)(1)(B)(viii) – Distribution of |
| CHRISTOPHER JOHN OUTLAW, | Methamphetamine; |
| QUASHAUN DESHA POORE, | COUNT THREE: 21 U.S.C. |
| JOSHUA CLINTON CAUDELL, | §§ 841(a)(1) and 841(b)(1)(B)(vi) – |
| a/k/a "Peanut," | Distribution of Fentanyl; |
| | COUNTS FIVE through SEVEN, |
| Defendants. | and NINE: 21 U.S.C. §§ 841(a)(1) |
| | and 841(b)(1)(A)(viii) – Distribution |
| | of Methamphetamine; |
| | COUNT EIGHT: 18 U.S.C. |
| | §§ 933(a)(1), 933(a)(3), and 933(b) – |
| | Firearms Trafficking; |
| | COUNTS TEN and TWELVE: 21 |
| | U.S.C. §§ 841(a)(1) and |
| | 841(b)(1)(A)(viii) – Possession of |
| | Methamphetamine with Intent to |
| | Distribute; |
| | COUNT ELEVEN: 21 U.S.C. |
| | §§ 841(a)(1) and 841(b)(1)(A)(vi) – |
| | Possession of Fentanyl with Intent |
| | to Distribute; |
| | COUNT THIRTEEN: 21 U.S.C. |
| | §§ 841(a)(1) and 841(b)(1)(B)(vi) – |
| | Possession of Fentanyl with Intent |
| | to Distribute; |
| | COUNTS FOURTEEN through |
| | TWENTY-ONE: 21 U.S.C. |

§§ 843(b) and 843(d)(1) – Unlawful
Use of a Communication Facility;
Forfeiture Allegation: 18 U.S.C.
§ 924(d)(1), 21 U.S.C. § 853 and 28
U.S.C. § 2461(c) – Firearm and
Drug Forfeiture]

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**[21 U.S.C. §§ 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii)]**

On or about March 8, 2022, to on or about February 14, 2023, in the Northern

District of Oklahoma and elsewhere, the defendants, **RONALD EUGENE**

**MAYNARD** (Defendant "**MAYNARD**"), **ABBY CHANTEL SELMAN**

(Defendant "**SELMAN**"), **BRENDA GAMIZ-BERNAL** (Defendant "**GAMIZ-**

**BERNAL**"), **KAITLIN NICHELLE CONARD** (Defendant "**CONARD**"),

**JOHNNY GONZALES**, a/k/a/ "Johnny Gonzalez" (Defendant "**GONZALES**"),

**CHRISTOPHER JOHN OUTLAW** (Defendant "**OUTLAW**"), **QUASHAUN**

**DESHA POORE** (Defendant "**POORE**"), and **JOSHUA CLINTON CAUDELL**,

a/k/a "Peanut" (Defendant "**CAUDELL**"), knowingly, intentionally, and willfully

conspired, confederated, and agreed, together and with others known and unknown

to the Grand Jury, to commit offenses against the United States as follows:

**OBJECTS OF THE CONSPIRACY**

The objects of the conspiracy were:

(a) To possess with intent to distribute 500 grams or more of a mixture and
    substance containing a detectable amount of methamphetamine, a Schedule

2

II controlled substance, in violation of Title 21, United States Code Section 841(a)(1).

(b) To distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1).

(c) To possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1).

(d) To distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1).

## PURPOSE OF THE CONSPIRACY

The purpose of the conspiracy was to enrich the defendants illegally through the illicit sale of methamphetamine and fentanyl to addicts and drug users who had no lawful means of acquiring the controlled substances.

## DEFINITION OF TERMS USED BY CONSPIRATORS

During the conspiracy, the conspirators used coded language to conceal the true meaning of their communications as follows:

a. "Box" referred to kilograms;

b. "Work" referred to controlled substances;

c. "K-pack" referred to 1000 fentanyl pills;

d. "Blue Paint" referred to fentanyl;

e. "White Paint" referred to methamphetamine;

f. "Elbow" referred to a pound;

3

g. "Bird" referred to one kilogram;

h. "Clear" referred to methamphetamine; and

i. "Metal" referred to guns.

## MEANS AND METHODS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means and methods, among others:

1. Defendant **MAYNARD** would and did lead and direct the organization, and he continued to do so while incarcerated.

2. Defendant **MAYNARD** would and did use cell phones and social media communication applications, such as the application Signal, to communicate with co-conspirators while incarcerated.

3. Defendant **MAYNARD** would and did obtain methamphetamine and fentanyl from Defendant **MAYNARD's** sources of supply.

4. Defendant **MAYNARD** would and did provide drugs to co-conspirators, including Defendants **SELMAN, GAMIZ-BERNAL, CONARD, GONZALES, POORE,** and **OUTLAW.**

5. Defendant **MAYNARD** would and did communicate by cell phones and Signal with potential buyers of methamphetamine and fentanyl.

6. Defendant **MAYNARD** would and did direct co-conspirators, including Defendants **SELMAN** and **CONARD**, to obtain the drugs, then make the physical exchange of drugs with the buyer in exchange for a money payment.

4

7.     Defendant **SELMAN** would and did assist Defendant **MAYNARD** in selling fentanyl and methamphetamine to buyers by connecting buyers with sources for drugs and by participating directly in the sales of drugs.

8.     Defendant **GAMIZ-BERNAL** would and did act as a runner to obtain methamphetamine, fentanyl, and firearms from stash houses and to transport drugs and guns to buyers in exchange for money payments.

9.     Defendant **CONARD** would and did deliver methamphetamine and fentanyl from stash houses to buyers after co-conspirators arranged the transactions.

10.   Defendant **GONZALES** would and did deliver methamphetamine and fentanyl from stash houses to buyers after co-conspirators arranged the transactions.

11.   Defendant **OUTLAW** would and did deliver methamphetamine and fentanyl from stash houses to buyers after co-conspirators arranged the transactions.

12.   Defendant **POORE** would and did deliver methamphetamine and fentanyl from stash houses to buyers after co-conspirators arranged the transactions.

13.   Defendant **CAUDELL** would and did act in concert with Defendant **MAYNARD** and co-conspirators to facilitate the delivery of methamphetamine and fentanyl to buyers.

## OVERT ACTS

In furtherance of this conspiracy and to accomplish its objects, the conspirators committed the following overt acts, among others, in the Northern District of Oklahoma and elsewhere:

1.      On or about March 7, 2022, Defendant **MAYNARD** coordinated the sale of trafficking amounts of methamphetamine with a confidential source ("CS") by cell phone.

2.      On or about March 8, 2022, at approximately 2:00 p.m., Defendant **MAYNARD** directed CS and an undercover FBI Special Agent ("UA") to go to 2448 North Boston Avenue in Tulsa, Oklahoma, to meet with Defendant **SELMAN** about delivering trafficking amounts of methamphetamine.

3.      Subsequently, on March 8, 2023, Defendant **SELMAN** gave UA and CS approximately 460 grams of crystal methamphetamine for a $3,200 payment.

4.      On or about March 22, 2022, Defendant **MAYNARD** sold 250 M-30 fentanyl pills to UA and CS in a public parking lot near 51st Street and Memorial Drive in Tulsa for a $1,750 payment.

5.      On or about April 26, 2022, Defendant **SELMAN** sold CS one pound of methamphetamine for a $3,100 payment.

6.      On or about May 6, 2023, Defendant **SELMAN** sold UA and CS a trafficking amount of methamphetamine.

7.      On or about May 6, 2023, UA and CS met with Defendant **SELMAN** at his residence and, while there, UA received a gift bag from Defendant **POORE** containing approximately one kilogram of methamphetamine.

8.    On or about May 6, 2023, Defendant **SELMAN** negotiated the price for a future kilogram purchase of methamphetamine and agreed to reduce the price for future purchases.

9.    On or about May 18, 2022, Defendant **SELMAN** spoke to CS by cell phone to discuss payment for the kilogram of methamphetamine Defendants **SELMAN** and **POORE** previously delivered.

10.    On or about May 22, 2022, in preparation to deliver ten kilograms of methamphetamine, Defendant **SELMAN** sent a text message directing CS to pay Defendant **MAYNARD**.

11.    On or about May 24, 2022, Defendant **SELMAN** coordinated the price, time, and location for the delivery of 10 kilograms of methamphetamine with UA and CS by cell phone.

12.    On or about May 24, 2022, at approximately 6:35 p.m., Defendant **SELMAN** met UA and CS at the Dollar General Store located at 744 East Pine Street in Tulsa and received a $10,000 payment from them.

13.    After receiving the $10,000 payment, Defendant **SELMAN** counted the money, sent a text to his boss "Gonzo," then delivered the 10 kilograms of methamphetamine to UA and CS.

14.    After Defendant **SELMAN** delivered the 10 kilograms of methamphetamine to UA and CS at the Dollar General Store, Defendant **POORE** brought an additional kilogram to Defendant **SELMAN**.

15.   On or about May 24, 2022, at approximately 7:16 p.m., after the delivery of methamphetamine, CS called Defendant **SELMAN** and reported that law enforcement stopped and arrested Defendant **POORE** as she left the Dollar General Store.

16.   On or about May 24, 2022, at approximately 7:44 p.m., Defendant **SELMAN** told Defendant **MAYNARD** about Defendant **POORE's** arrest.

17.   On or about June 7, 2022, at approximately 5:30 p.m., Defendant **SELMAN** met with UA and CS in the parking lot of the Braum's located at 317 North Gilcrease Museum Road in Tulsa.

18.   After UA and CS arrived at the Braum's, Defendant **SELMAN** directed them to the McDonald's parking lot south of the Braum's, where Defendant **OUTLAW** provided 544.1 grams of methamphetamine for a $3,200 payment.

19.   On or about July 13, 2022, Defendant **SELMAN** and Unindicted Co-Conspirator 1 transported 22 pounds of crystal methamphetamine within a car.

20.   On or about July 13, 2022, at approximately 5:44 p.m., Defendant **MAYNARD** told CS by cell phone that he could not reach Defendant **SELMAN** and that people should check the jails for him.

21.   On or about July 13, 2022, Defendant **MAYNARD** confirmed to CS by cell phone that Defendant **SELMAN** and Unindicted Co-Conspirator 1 were in the Rogers County Jail for trafficking of drugs that belonged to the "brothers," meaning the United Aryan Brotherhood.

22.   On or about July 15, 2022, at approximately 10:23 a.m., Defendant

**MAYNARD** talked to CS by cell phone and complained about how he did not trust

some co-conspirators because they were spreading rumors.

23.   On or about February 12, 2023, Defendant **CAUDELL,** who identified

himself as "Peanut," negotiated prices by cell phone with CS for methamphetamine

and fentanyl to be purchased by UA.

24.   During negotiations, Defendant **CAUDELL** stated that he already had the

"work," meaning methamphetamine, in Tulsa, but would have to send someone

from Oklahoma City to bring the pills.

25.   On or about February 14, 2023, CS used Signal to tell Defendant

**CAUDELL** that someone driving a gold Malibu or Jeep would be in town with cash

for a drug deal.

26.   During the same Signal communication, Defendant **CAUDELL** directed CS

to give all the money to the courier.

27.   During the same Signal communication, Defendant **CAUDELL** said that

CS and Defendant **MAYNARD** could make a little money off the drug deal.

28.   During the same Signal communication, Defendant **CAUDELL** directed CS

to pick up 10 kilograms of methamphetamine and 5,000 fentanyl pills for a $45,000

payment.

9

29.   On or about February 14, 2023, at approximately 1:10 p.m., Defendant
**CAUDELL** used Signal to inform CS that the meeting location would be the Lucky
Stop at 3235 South 145th East Avenue in Tulsa.

30.   At the time of the meeting, Defendants **CONARD** and **GONZALES**
arrived at the Lucky Stop driving a tan Buick Enclave bearing Ontario Canada tag
CHJJ364 in which they were transporting 10 kilograms of methamphetamine, 5,000
fentanyl pills, and $3,561 in cash.

31.   Shortly after arriving, Defendants **CONARD** and **GONZALES** drove the
Buick out of the parking lot without meeting with CS.

32.   On or about February 14, 2023, after Defendants **CONARD** and
**GONZALES** drove out of the Lucky Stop parking lot and were arrested by law
enforcement, Defendant **CAUDELL** used Signal on multiple occasions to
coordinate another deal with CS.

33.   During one of the calls using Signal, Defendant **CAUDELL** asked CS to
meet at the Panda Express at 4106 South Garnett Road in Tulsa.

34.   At the time of the meeting, Defendant **GAMIZ-BERNAL** arrived at Panda
Express driving a silver Chevrolet Silverado in which she was transporting 13
kilograms of methamphetamine and 371 grams of fentanyl.

35.   Shortly after arriving, Defendant **GAMIZ-BERNAL** drove the Chevrolet
Silverado out of the parking lot without meeting with CS.

36.   While Defendant **GAMIZ-BERNAL** transported the methamphetamine and fentanyl to Panda Express in the Chevrolet Silverado, she kept two firearms at her residence.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii).

## COUNT TWO
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)]

On or about March 8, 2022, in the Northern District of Oklahoma, the

defendants, **RONALD EUGENE MAYNARD** and **ABBY CHANTEL SELMAN**,

knowingly and intentionally distributed 50 grams or more of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(B)(viii).

## COUNT THREE
## [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)]

On or about March 22, 2022, in the Northern District of Oklahoma, the defendant, **RONALD EUGENE MAYNARD**, knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT FOUR
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)]

On or about April 26, 2022, in the Northern District of Oklahoma, the defendant,

**ABBY CHANTEL SELMAN**, knowingly and intentionally distributed 50 grams or

more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(B)(viii).

## COUNT FIVE
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]**

On or about May 6, 2022, in the Northern District of Oklahoma, the defendants,

**ABBY CHANTEL SELMAN** and **QUASHAUN DESHA POORE**, knowingly and

intentionally distributed 500 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT SIX
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about May 24, 2022, in the Northern District of Oklahoma, the defendant,

**QUASHAUN DESHA POORE**, knowingly and intentionally distributed 500 grams

or more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT SEVEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about June 7, 2022, in the Northern District of Oklahoma, the defendants,

**ABBY CHANTEL SELMAN** and **CHRISTOPHER JOHN OUTLAW**, knowingly

and intentionally distributed 500 grams or more of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT EIGHT
## [18 U.S.C. § 933(a)(1), 933(a)(3), and 933(b)]

On or about June 7, 2022, in the Northern District of Oklahoma, the defendants,

**ABBY CHANTEL SELMAN** and **MARCUS CORY SCOTT**, shipped,

transported, transferred, caused to be transported, and otherwise disposed of the

following firearms in and otherwise affecting interstate and foreign commerce to a

person known to the Grand Jury:

1. An Armalite, Model AR-15 rifle, serial number M2222161; and

2. A Canik, 9mm handgun, serial number 20AP09130,

knowing and having reasonable cause to believe that the use, carrying, and

possession of the firearms by this person would constitute a felony, and **SELMAN**

and **SCOTT** also attempted and conspired to do so.

All in violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3), and

933(b).

## COUNT NINE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about July 13, 2022, in the Northern District of Oklahoma, the defendant,

**ABBY CHANTEL SELMAN,** knowingly and intentionally distributed 500 grams or

more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

19

## COUNT TEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about February 14, 2023, in the Northern District of Oklahoma, the defendants, **KAITLIN NICHELLE CONARD** and **JOHNNY GONZALES**, a/k/a/ "Johnny Gonzalez," knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT ELEVEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi)]

On or about February 14, 2023, in the Northern District of Oklahoma, the

defendants, **KAITLIN NICHELLE CONARD** and **JOHNNY GONZALES,**

a/k/a/ "Johnny Gonzalez," knowingly and intentionally possessed with intent to

distribute 400 grams or more of a mixture and substance containing a detectable

amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(vi).

## COUNT TWELVE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about February 14, 2023, in the Northern District of Oklahoma, the

defendant, **BRENDA GAMIZ-BERNAL**, knowingly and intentionally possessed

with intent to distribute 500 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT THIRTEEN
## [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)]

On or about February 14, 2023, in the Northern District of Oklahoma, the defendant, **BRENDA GAMIZ-BERNAL**, knowingly and intentionally possessed with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNTS FOURTEEN THROUGH TWENTY-ONE
### [21 U.S.C. §§ 843(b) and 843(d)(1)]

On or about the dates and times listed below, in the Northern District of Oklahoma and elsewhere, the defendants, **RONALD EUGENE MAYNARD, ABBY CHANTEL SELMAN, QUASHAUN DESHA POORE,** and **JOSHUA CLINTON CAUDELL,** a/k/a "Peanut," knowingly and intentionally used a communication facility, a cellular telephone, in committing, causing, and facilitating the commission of acts constituting felonies under Title 21, United States Code, Sections 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii), specifically, Drug Conspiracy, as described in Count One of Indictment and as set forth in the chart below:

| Count | Date | Declarants | Description of Communication Device Used |
|---|---|---|---|
| 14 | 3/7/2022 | MAYNARD | Cellular Phone (918) 229-2078 |
| 15 | 3/22/2022 | MAYNARD | Cellular Phone (918) 229-2078 |
| 16 | 4/26/2022 | SELMAN | Cellular Phone (918) 292-9380 |
| 17 | 5/6/2022 | SELMAN | Cellular Phone (405) 492-5119 |
| 18 | 5/24/2022 | SELMAN | Cellular Phone (405) 492-5119 |
| 19 | 6/7/2022 | SELMAN | Cellular Phone (405) 492-5119 |
| 20 | 7/12/2022 | SELMAN | Cellular Phone (405) 492-5119 |
| 21 | 2/14/2023 | MAYNARD and CAUDELL | Signal (918) 204-3374 |

All in violation of Title 21, United States Code, Sections 843(b) and 843(d)(1).

## FORFEITURE ALLEGATION
### [18 U.S.C. § 924(d)(1), 21 U.S.C. § 853 and 28 U.S.C. § 2461(c)]

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses alleged in this Indictment, as a part of their sentences, the defendants, **RONALD EUGENE MAYNARD, ABBY CHANTEL SELMAN, BRENDA GAMIZ-BERNAL, KAITLIN NICHELLE CONARD, JOHNNY GONZALES,** a/k/a/ "Johnny Gonzalez," **MARCUS CORY SCOTT, CHRISTOPHER JOHN OUTLAW, QUASHAUN DESHA POORE,** and **JOSHUA CLINTON CAUDELL,** a/k/a "Peanut," shall forfeit to the United States any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations, any firearm and ammunition involved in or used in the knowing commission of such offenses, and any property, real or personal, that was used or intended to be used to commit or to facilitate the violations of federal law. The property to be forfeited includes, but is not limited to:

**FIREARMS AND AMMUNITION**

1.  An Armalite, Model AR-15 rifle, serial number M2222161;

2.  A Canik, 9mm handgun, serial number 20AP09130; and

3.  Any ammunition or magazines not specified.

All pursuant to pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

CLINTON J. JOHNSON                    A TRUE BILL
United States Attorney


*Joel-Lyn McCormick*
JOEL-LYN A. MCCORMICK                 */s/ Grand Jury Foreperson*
Assistant United States Attorney      Grand Jury Foreperson